**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| DJM HOLDINGS, LTD | ) | CASE NO. 21-10483 |
| | ) | |
| Debtor | ) | JUDGE ARTHUR I HARRIS |
| | ) | |

---

**THE CHAPTER 11 PLAN OF REORGANIZATION OF**
**DJM HOLDINGS, LTD.**

---

FORBES LAW LLC
Glenn E. Forbes, Esq. (0005513)
*Main Street Law Building*
166 Main Street
Painesville, OH 44077
Voice: (440) 739-6211 ext 128
Voice: (440) 739-FORB (3672) ext 128
eFax: 1-850-988-7066
gforbes@geflaw.net
bankruptcy@geflaw.net

Attorney for DJM Holdings, Ltd
Debtor-in-Possession

**<u>TABLE OF CONTENTS</u>**

<u>Page</u>

**INTRODUCTION** .................................................................................................................. 1
**ARTICLE I. DEFINED TERMS, RULES OF INTERPRETATION, COMPUTATION OF TIME,**
    **GOVERNING LAW, AND OTHER REFERENCES.** ................................................................ 1
    A.    Defined Terms.................................................................................................... 1
    B.    Rules of Interpretation ...................................................................................... 8
    C.    Computation of Time......................................................................................... 8
    D.    Governing Law................................................................................................... 8
    E.    Reference to Monetary Figures.......................................................................... 8
    F.    Reference to the Debtor or the Reorganized Debtor .......................................... 8
    G.    Controlling Document........................................................................................ 9
**ARTICLE II. ADMINISTRATIVE AND PRIORITY CLAIMS.** ................................................. 9
    A.    Administrative Claims........................................................................................ 9
    B.    Professional Fee Claims .................................................................................... 9
    C.    Priority Tax Claims ........................................................................................... 10
    D.    Statutory Fees. ................................................................................................... 10
**ARTICLE III. CLASSIFICATION, TREATMENT, AND VOTING OF CLAIMS AND** ........................... 10
    A.    Classification of Claims and Interests.............................................................. 10
    B.    Treatment of Classes of Claims and Interests ................................................. 11
    C.    Special Provision Governing Unimpaired Claims ............................................ 18
    D.    Elimination of Vacant Classes........................................................................... 18
    E.    Voting Classes; Presumed Acceptance by Non-Voting Classes ...................... 18
    F.    Confirmation Pursuant to Sections 1129(a)(10) and 1129(b) of the Bankruptcy Code ............... 18
    G.    Subordinated Claims and Interests ................................................................... 18
    H.    Claims of Shareholders ..................................................................................... 18
**ARTICLE IV. PROVISIONS FOR IMPLEMENTATION OF THE PLAN** ................................... 18
    A.    General Settlement of Claims, Interests, and Causes of Action ...................... 18
    B.    Transactions On or Before the Effective Date ................................................. 19
    C.    Liens Post Confirmation.................................................................................... 19
    D.    Management of Reorganized  Debtor................................................................ 19
    E.    Vesting of Assets............................................................................................... 19
    F.    Corporate Action ............................................................................................... 19
    G.    Corporate Existence........................................................................................... 19
    H.    Effectuating Documents; Further Transactions ............................................... 20
    I.    Preservation of Causes of Action ..................................................................... 20
**ARTICLE V. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ................. 20
    A.    Assumption or Rejection of Executory Contracts and Unexpired Leases. ...................... 20
    B.    Contracts and Leases after the Petition Date. ................................................. 21
    C.    Reservation of Rights. ....................................................................................... 21
    D.    Nonoccurrence of Effective Date ..................................................................... 21

i

|  |  | **Page** |
|---|---|---|
| **ARTICLE VI. PROVISIONS GOVERNING DISTRIBUTIONS** | | 21 |
| A. | Distributions on Account of Claims and Interests Allowed as of the Effective Date | 21 |
| B. | Rights and Powers of the Distribution Agent. | 21 |
| C. | Delivery of Distributions | 22 |
| D. | Setoffs | 22 |
| **ARTICLE VII. PROCEDURES FOR RESOLVING DISPUTED CLAIMS** | | 23 |
| A. | Allowance of Claims | 23 |
| B. | Claims Administration Responsibilities. | 23 |
| C. | Time to File Objections to Claims | 23 |
| D. | Amendments to Claims | 23 |
| E. | No Distributions Pending Allowance | 23 |
| F. | Distributions After Allowance | 23 |
| **ARTICLE VIII. EFFECT OF CONFIRMATION OF THE PLAN** | | 24 |
| A. | Discharge of Claims and Termination of Interests | 24 |
| B. | Releases by the Debtor | 24 |
| C. | Protection Against Discriminatory Treatment | 25 |
| D. | Release of Mortgages | 25 |
| E. | Reimbursement or Contribution | 25 |
| F. | Recoupment | 25 |
| G. | Subordination Rights | 25 |
| **ARTICLE IX. CONDITIONS PRECEDENT TO THE EFFECTIVE DATE** | | 26 |
| A. | Conditions Precedent to the Effective Date | 26 |
| B. | Waiver of Conditions | 26 |
| C. | Substantial Consummation | 26 |
| **ARTICLE X. MODIFICATION, REVOCATION, OR WITHDRAWAL OF THE PLAN.** | | 26 |
| A. | Modification of Plan | 26 |
| B. | Effect of Confirmation on Modifications | 27 |
| C. | Revocation or Withdrawal of Plan | 27 |
| **ARTICLE XI. RETENTION OF JURISDICTION** | | 27 |
| **ARTICLE XII. MISCELLANEOUS PROVISIONS** | | 29 |
| A. | Immediate Binding Effect. | 29 |
| B. | Additional Documents | 29 |
| C. | Payment of Statutory Fees | 29 |

**Page**

D.     Reservation of Rights ......................................................................................... 29
E.     Successors and Assigns ....................................................................................... 29
F.     Service of Documents ......................................................................................... 29
G.     Term of Injunctions or Stays ............................................................................. 30
H.     Entire Agreement ............................................................................................... 30
I.     Plan Supplement or Amendments ...................................................................... 30
J.     Non-Severability ................................................................................................ 30
K.     Votes Solicited in Good Faith ............................................................................ 30
L.     Closing of Chapter 11 Case ............................................................................... 31
M.     Waiver or Estoppel............................................................................................. 31
N.     Insider and Avoidance Actions .......................................................................... 31
O.     Post-Confirmation Reports and Trustee Payments............................................. 31
P.     Insider Compensation......................................................................................... 31

21-10483-aih    Doc 53-1    FILED 06/16/21    ENTERED 06/16/21 13:08:28    Page 4 of 34

# INTRODUCTION

DJM Holdings, Ltd, the Debtor and Debtor-in-possession in the above-captioned chapter 11 case proposes this chapter 11 plan of reorganization pursuant to chapter 11 of title 11 of the United States Code. Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in Article I. A. hereof.

Reference is made to the *Disclosure Statement for the Chapter 11 Plan of Reorganization of DJM Holdings, Ltd* filed with the Court simultaneously with this Plan for a discussion of the Debtor's history, business, operations, valuation, projections, risk factors, a summary and analysis of the Plan and the transactions contemplated thereby, and certain related matters.

ALL HOLDERS OF CLAIMS AND INTERESTS, TO THE EXTENT APPLICABLE, ARE ENCOURAGED TO READ THIS PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THIS PLAN.

## HISTORY OF THE COMPANY

Since 2010, between the reduction in the value of Real Estate, the pandemic, and the subsequent moratoriums on evictions, the Debtor has had difficulty. The Debtor had a Chapter 11 in 2010, which was ultimately confirmed but the coming of the pandemic resulted in the ultimate failure of the reorganized Debtor. The Debtor then filed a second Chapter 11 which was ultimately dismissed and now makes another attempt to save its business and the livelihood of its principals, Deborah and Martin Maniaci.

## ARTICLE I.
## DEFINED TERMS, RULES OF INTERPRETATION, COMPUTATION OF TIME, GOVERNING LAW, AND OTHER REFERENCES

A.    *Defined Terms*

1.    "*Administrative Claim*" means a Claim incurred by the Debtor on or after the Petition Date and before the Effective Date for a cost or expense of administration of the Chapter 11 Case entitled to priority under sections 503(b), 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses incurred on or after the Petition Date until and including the Effective Date of preserving the Estates and operating the Debtor's businesses; (b) Allowed Professional Fee Claims; and (c) all fees and charges assessed against the Estates pursuant to section 1930 of chapter 123 of title 28 of the United States Code.

2.    "*Administrative Claims Bar Date*" means the deadline for Filing requests for payment of Administrative Claims, which: (a) with respect to Administrative Claims other than Professional Fee Claims, shall be 30 days after the Effective Date; and (b) with respect to Professional Fee Claims, shall be 45 days after the Effective Date.

3.    "*Affiliate*" means, with respect to any Person, all Persons that would fall within the definition assigned to such term in section 101(2) of the Bankruptcy Code, if such Person was a Debtor in a case under the Bankruptcy Code.

4.    "*Allowed*" means, with respect to any Claim, except as otherwise provided herein: (a) a Claim that is evidenced by a Proof of Claim Filed by the Claims Bar Date (or such other date as agreed by the Debtor pursuant to the Bar Date Order) or a request for payment of an Administrative Claim Filed by the Administrative Claims Bar Date, as applicable (or for which Claim under the Plan, the Bankruptcy

1

Code, or pursuant to a Final Order, a Proof of Claim or request for payment of Administrative Claim is not or shall not be required to be Filed); (b) a Claim that is listed in the Schedules as not contingent, not unliquidated, and not disputed, and for which no Proof of Claim, as applicable, has been timely Filed; or (c) a Claim Allowed pursuant to the Plan or a Final Order; *provided*, that with respect to a Claim described in clauses (a) and (b) above, such Claim shall be considered Allowed only if and to the extent that with respect to such Claim no objection to the allowance thereof is interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or such an objection is so interposed and the Claim has been Allowed by a Final Order. Any Claim that has been or is hereafter listed in the Schedules as contingent, unliquidated, or disputed, and for which no Proof of Claim is or has been timely Filed, or that is not or has not been Allowed by a Final Order, is not considered Allowed and shall be expunged without further action by the Debtor and without further notice to any party or action, approval, or order of the Bankruptcy Court. Notwithstanding anything to the contrary herein, no Claim of any Entity subject to section 502(d) of the Bankruptcy Code shall be deemed Allowed unless and until such Entity pays in full the amount that it owes the applicable Debtor or Reorganized Debtor, as applicable. For the avoidance of doubt, a Proof of Claim Filed after the Claims Bar Date or a request for payment of an Administrative Claim Filed after the Administrative Claims Bar Date, as applicable, shall not be Allowed for any purposes whatsoever absent entry of a Final Order allowing such late-Filed Claim. "Allow" and "Allowing" shall have correlative meanings.

5. "*Avoidance Actions*" means any and all avoidance, recovery, subordination, or other Claims, actions, or remedies that may be brought by or on behalf of the Debtor or their Estates or other authorized parties in interest under the Bankruptcy Code or applicable non-bankruptcy law, including actions or remedies under sections 502, 510, 542, 544, 545, and 547 through and including 553 of the Bankruptcy Code.

6. "*Bankruptcy Code*" means title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time.

7. "*Bankruptcy Court*" means the United States Bankruptcy Court for the Northern District of Ohio, Western Division, having jurisdiction over the Chapter 11 Case, and, to the extent of the withdrawal of reference under 28 U.S.C. § 157 and/or the General Order of the District Court pursuant to section 151 of title 28 of the United States Code, the United States District Court for the Northern District of Ohio.

8. "*Bankruptcy Rules*" means the Federal Rules of Bankruptcy Procedure promulgated under section 2075 of title 28 of the United States Code, and the general, local rules of the Bankruptcy Court.

9. "*Bar Date*" means the date established by the Bankruptcy Court by which Proofs of Claim must be filed with respect to such Claims, as ordered by the Bankruptcy Court.

10. "*Bar Date Order*" means the order of the Bankruptcy Court establishing the Claims Bar Date for general Claims.

11. "*Cash*" means the legal tender of the United States of America or the equivalent thereof, including bank deposits and checks.

12. "*Causes of Action*" means any claims, Claims, Interests, damages, remedies, causes of action, demands, rights, actions, suits, obligations, liabilities, accounts, defenses, offsets, powers, privileges, licenses, and franchises of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, matured or unmatured, suspected or unsuspected, in tort, law, equity, or otherwise. Causes of Action also include: (a) all rights of setoff, counterclaim, or recoupment and claims on contracts or for breaches of duties imposed by law; (b)

the right to object to or otherwise contest Claims or Interests; claims pursuant to sections 362, 510, 542, 543, 544 through 550, or 553 of the Bankruptcy Code; and (d) such claims and defenses as fraud, mistake, duress, and usury and any other defenses set forth in section 558 of the Bankruptcy Code.

13. "*Chapter 11 Case*" means this case which is pending under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

14. "*Claim*" has the meaning set forth in section 101(5) of the Bankruptcy Code.

15. "*Claims Bar Date*" means the applicable bar date by which Proofs of Claim must be Filed, as established by: (a) the Bar Date Order; (b) a Final Order of the Bankruptcy Court; or (c) the Plan.

16. "*Class*" means a category of Holders of Claims or Interests pursuant to section 1122(a) of the Bankruptcy Code.

17. "*Company*" means DJM Holdings, Ltd

18. "*Confirmation*" means the entry of the Confirmation Order on the docket of the Chapter 11 Case.

19. "*Confirmation Date*" means the date on which the Bankruptcy Court enters the Confirmation Order on the docket of the Chapter 11 Case within the meaning of Bankruptcy Rules 5003 and 9021.

20. "*Confirmation Hearing*" means the hearing held by the Bankruptcy Court to consider Confirmation of the Plan pursuant to section 1129 of the Bankruptcy Code.

21. "*Confirmation Order*" means an order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code, which order shall be consistent in all respects with, and shall contain, the terms and conditions set forth in the Plan and shall otherwise be in form and substance reasonably acceptable to the Debtor and the Reorganized Debtor.

22. "*Consummation*" means the occurrence of the Effective Date.

23. *"Convenience Claim"* means a claim under $2,000.00

24. "*Creditor*" has the meaning set forth in section 101(10) of the Bankruptcy Code.

25. "*Cure*" means a Claim (unless waived or modified by the applicable counterparty) based upon a Debtor's default(s) under an Executory Contract or an Unexpired Lease assumed by the Debtor under section 365 of the Bankruptcy Code, other than a default that is not required to be cured pursuant to section 365(b)(2) of the Bankruptcy Code.

26. "*Debtor*" means, DJM Holdings, Ltd

27. "*Disallowed*" means any Claim that is not allowed.

28. "*Disclosure Statement*" means the disclosure statement for the Plan, including all exhibits and schedules thereto.

29.    "*Disclosure Statement Order*" means the order entered by the Bankruptcy Court approving the Disclosure Statement.

30.    "*Disputed*" means, as to a Claim or an Interest, any Claim or Interest: (a) that is not Allowed; (b) that is not disallowed by the Plan, the Bankruptcy Code, or a Final Order, as applicable; (c) as to which a dispute is being adjudicated by a court of competent jurisdiction in accordance with non-bankruptcy law; (d) that is Filed in the Bankruptcy Court and not withdrawn, as to which a timely objection or request for estimation has been Filed; and (e) with respect to which a party in interest has Filed a Proof of Claim or otherwise made a written request to a Debtor for payment, without any further notice to or action, order, or approval of the Bankruptcy Court.

31.    "*Distribution Agent*" means, the Reorganized Debtor or any Entity the Reorganized Debtor selects to make or to facilitate distributions in accordance with the Plan.  The Distribution Agent contemplated by the Disclosure Statement and Plan is Deborah Maniaci.

32.    "*Distribution Date*" means the date or dates determined by the Debtor or the Reorganized Debtor, on or after the Effective Date, upon which the Distribution Agent shall make distributions to Holders of Allowed Claims and Interests entitled to receive distributions under the Plan.

33.    "*Effective Date*" means the first business day that is more than thirty (30) after the Confirmation Date on which all conditions precedent to the occurrence of the Effective Date of the Plan have been satisfied.

34.    "*Entity*" has the meaning set forth in section 101(15) of the Bankruptcy Code.

35.    "*Estate*" means, the estate created for the Debtor pursuant to section 541 of the Bankruptcy Code upon the commencement of the Debtor's Chapter 11 Case.

36.    "*Executory Contract*" means a contract or lease to which one or more of the Debtor is a party that is subject to assumption or rejection under section 365 of the Bankruptcy Code.

37.    "*Existing Common Interests*" means the Interests in DJM Holdings, Ltd arising from or related to the Existing Membership Interests.

38.    "*Existing Class A Membership Interests*" means the voting interests in DJM Holdings, Ltd arising from or related to the Existing Membership Interests.

39.    "*File*", "*Filed*," and "*Filing*" means file, filed, or filing in the Chapter 11 Case with the Bankruptcy

40.    "*Final Decree*" means the decree contemplated under Bankruptcy Rule 3022.

41.    "*Final Order*" means, as applicable, an order or judgment of the Bankruptcy Court or other court of competent jurisdiction with respect to the relevant subject matter that has not been reversed, stayed, modified, or amended, and as to which the time to appeal or seek certiorari has expired and no appeal or petition for certiorari has been timely taken, or as to which any appeal that has been taken or any petition for certiorari that has been or may be  filed has been resolved by the highest court to which the order or judgment could be appealed or from which certiorari  could be sought or the new trial, reargument, or rehearing shall have been denied, resulted in no modification of such order, or has otherwise been dismissed with prejudice.

4

42. "*General Unsecured Claim*" means any Claim that is not Secured and is not: (a) an Administrative Claim; (b) a Professional Fee Claim; (c) a Priority Tax Claim; (d) an Other Priority Claim; (e) a Notes Claim; or (f) an Intercompany Claim.

43. "*Governmental Unit*" has the meaning set forth in section 101(27) of the Bankruptcy Code.

44. "*Holder*" means an Entity holding an Allowed Claim or Interest, as applicable.

45. "*Impaired*" means, with respect to any Class of Claims or Interests, a Class of Claims or Interests that is impaired within the meaning of section 1124 of the Bankruptcy Code.

46. "*Lien*" has the meaning set forth in section 101(37) of the Bankruptcy Code.

47. "*Mortgage*" has its common meaning as a species of lien on real property.

48. "*New Organizational Documents*" means the form of the certificates or articles of incorporation, bylaws, or such other applicable formation documents, of the Reorganized Debtor.

49. "*Other Priority Claim*" means any Claim other than an Administrative Claim or a Priority Tax Claim entitled to priority in right of payment under section 507(a) of the Bankruptcy Code.

50. "*Person*" shall have the meaning set forth in section 101(41) of the Bankruptcy Code.

51. "*Petition Date*" means the date, if applicable, on which the Debtor commenced the Chapter 11.

52. "*Plan*" means this chapter 11 plan (as it may be amended or supplemented from time to time, including all exhibits, schedules, supplements, appendices, annexes and attachments hereto), and shall otherwise be in form and substance reasonably acceptable to the Debtor and the Reorganized Debtor.

53 "*Priority Tax Claim*" means any Claim of a Governmental Unit of the kind specified in section 507(a)(8) of the Bankruptcy Code.

54. "*Pro Rata*" means the proportion that an Allowed Claim or Existing Membership Interests in a particular Class bears to the aggregate amount of the Allowed Claims or Existing Membership Interests in that respective Class, or the proportion of the Allowed Claims or Existing Membership Interests in a particular Class and other Classes entitled to share in the same recovery as such Allowed Claim or Existing Membership Interests.

55. "*Professional*" means any Entity or individual employed in the Chapter 11 Case pursuant to a Bankruptcy Court order in accordance with sections 327, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered before or on the Effective Date, pursuant to sections 327, 328, 329, 330, or 331 of the Bankruptcy Code.

56. "*Professional Fee Amount*" means the aggregate amount of Professional Fee Claims and other unpaid fees and expenses that Professionals estimate they have incurred or will incur in rendering services to the Debtor prior to and as of the Confirmation Date, which estimates Professionals shall deliver to the Debtor as set forth in Article II. B of the Plan.

5

57. "*Professional Fee Claim*" means all Administrative Claims for the aggregate amount of compensation and other unpaid fees and expenses of Professionals that the Professionals estimate they have incurred or will incur in rendering services to the Debtor prior to and as of the Confirmation Date, which estimates such Professionals shall deliver to the Debtor as set forth in Article II.B of the Plan.

58. "*Proof of Claim*" means a proof of Claim Filed against the Debtor in the Chapter 11 Case by the applicable Bar Date.

59. "*Released Party"* means the Debtor, its members, officers, directors, agents, financial advisors, accountants, consultants, attorneys and employees.

60. "*Releasing Party*" means other than as provided by the terms of the Plan or the order confirming the plan means any creditor of the Debtor, a claimant of the Debtor whether or not a claim has been filed, a party in interest or any equity holder of the Debtor and their respective predecessors, successors, assigns, directors, officers, partners, employees, agents, attorneys, principals, Affiliates and all other Persons who might have a claim against any Released Party.

61. "*Reorganized Debtor*" means DJM*,* as reorganized pursuant to and under the Plan, or any successor thereto.

62. "*Reorganized DJM*" means the Debtor, as reorganized pursuant to and under the Plan, or any successor thereto.

63. "*Schedules*" means, collectively, the schedules of assets and liabilities and statements of financial affairs filed by the Debtor.

64. "*Secured*" means, when referring to a Claim: (a) secured by a lien on property in which any of Debtor has an interest, which lien is valid, perfected, and enforceable pursuant to applicable law or by reason of a Bankruptcy Court order, or that is subject to setoff pursuant to section 553 of the Bankruptcy Code, to the extent of the value of the creditor's interest in the Debtor's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code; or (b) Allowed pursuant to the Plan, or separate order of the Bankruptcy Court, as a secured claim.

65. "*Solicitation Commencement Date*" means the date of distribution of the Solicitation Materials to Holders of Claims and Interests in Voting Classes.

66. "*Unclaimed Distribution*" means any distribution under the Plan on account of an Allowed Claim or Existing Interest to a Holder that has not: (a) accepted a particular distribution or, in the case of distributions made by check, negotiated such check; (b) given notice to the Reorganized Debtor of an intent to accept a particular distribution; (c) responded to the Debtor's or Reorganized Debtor's requests for information necessary to facilitate a particular distribution; or (d) taken any other action necessary to facilitate such distribution.

67. "*Unexpired Lease*" means a lease of nonresidential real property to which one the Debtor is a party or guarantor of that is subject to assumption or rejection under section 365 of the Bankruptcy Code.

68. "*Unimpaired*" means, with respect to a Class of Claims or Interests, a Class of Claims or Interests that is not impaired within the meaning of section 1124 of the Bankruptcy Code.

69. "*U.S. Trustee*" means the Office of the United States Trustee for the Northern District of

6

Ohio.

        *70.*      "*Voting Classes*" has the meaning ascribed to such term in the Disclosure Statement Order.

B.      *Rules of Interpretation*

        For purposes herein: (1) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and the neuter gender; (2) unless otherwise specified, any reference herein to a contract, lease, instrument, release, indenture, or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (3) unless otherwise specified, any reference herein to an existing document, schedule, or exhibit, shall mean such document, schedule, or exhibit, as it may have been or may be amended, modified, or supplemented; (4) unless otherwise specified, all references herein to "Articles" and "Sections" are references to Articles and Sections, respectively, hereof or hereto; (5) the words "herein," "hereof," and "hereto" refer to the Plan in its entirety rather than to any particular portion of the Plan; (6) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan; (7) unless otherwise specified herein, the rules of construction set forth in section 102 of the Bankruptcy Code shall apply; (8) any term used in capitalized form herein that is not otherwise defined but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to such term in the Bankruptcy Code or the Bankruptcy Rules, as applicable; (9) references to docket numbers of documents Filed in the Chapter 11 Case are references to the docket numbers under the Bankruptcy Court's CM/ECF system; (10) all references to statutes, regulations, orders, rules of courts, and the like shall mean as amended from time to time; (11) references to "shareholders," "directors," and/or "officers" shall also include "members" and/or "managers," as applicable, as such terms are defined under the applicable state limited liability company laws; (12) the words "include" and "including" and variations thereof shall not be deemed to be terms of limitation, and shall be deemed to be followed by the words "without limitation," and (13) any immaterial effectuating provisions may be interpreted by the Debtor or the Reorganized Debtor in such a manner that is consistent with the overall purpose and intent of the Plan and without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity.

C.      *Computation of Time*

        Unless otherwise specifically stated herein, the provisions of Bankruptcy Rule 9006(a) shall apply in computing any period of time prescribed or allowed herein. If the date on which a transaction may occur pursuant to the Plan shall occur on a day that is not a business day, then such transaction shall instead occur on the next succeeding business day.

D.      *Governing Law*

        Except to the extent a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or Bankruptcy Rules), and subject to the provisions of any contract, lease, instrument, release, indenture, or other agreement or document entered into expressly in connection herewith, the rights and obligations arising hereunder shall be governed by, and construed and enforced in accordance with, the laws of the State of Ohio, without giving effect to conflict of laws principles.

E.      *Reference to Monetary Figures*

        All references in the Plan to monetary figures refer to currency of the United States of America,

7

unless otherwise expressly provided.

F.    *Reference to the Debtor or the Reorganized Debtor*

Except as otherwise specifically provided in the Plan to the contrary, references in the Plan to the Debtor or to the Reorganized Debtor mean the Debtor and the Reorganized Debtor, as applicable, to the extent the context requires.

G.    *Controlling Document*

In the event of an inconsistency between the Plan and the Disclosure Statement, the terms of the Plan shall control in all respects. In the event of an inconsistency between the Plan and any document included in any Plan Supplement or amendment, the applicable Plan Supplement or amendment shall control. In the event of an inconsistency between the Confirmation Order and any of the Plan, the Disclosure Statement, or the Plan Supplement and amendment, the Confirmation Order shall control. For the avoidance of doubt, the executed post-Effective Date Definitive Documents shall control the matters set forth therein in the event of a conflict between any such Definitive Document and any other document.

## ARTICLE II. ADMINISTRATIVE AND PRIORITY CLAIMS

In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Professional Fee Claims, and Priority Tax Claims have not been classified and thus are excluded from the Classes of Claims and Interests set forth in Article III of the Plan.

A.    *Administrative Claims*

Except to the extent that a Holder of an Allowed Administrative Claim and the Debtor against which such Allowed Administrative Claim is asserted agree to less favorable treatment for such Holder, each Holder of an Allowed Administrative Claim (other than Holders of Professional Fee Claims and Claims for fees and expenses pursuant to section 1930 of chapter 123 of title 28 of the United States Code) will receive in full and final satisfaction of its Administrative Claim an amount of Cash equal to the amount of such Allowed Administrative Claim in accordance with the following: (1) if an Administrative Claim is Allowed on or prior to the Effective Date, on the Effective Date or as soon as reasonably practicable thereafter (or, if not then due, when such Allowed Administrative Claim is due or as soon as reasonably practicable thereafter); (2) if such Administrative Claim is not Allowed as of the Effective Date, no later than 30 days after the date on which an order Allowing such Administrative Claim becomes a Final Order, or as soon as reasonably practicable thereafter; (3) if such Allowed Administrative Claim is based on liabilities incurred by the Debtor in the ordinary course of their business after the Petition Date in accordance with the terms and conditions of the particular transaction giving rise to such Allowed Administrative Claim without any further action by the Holders of such Allowed Administrative Claim; (4) at such time and upon such terms as may be agreed upon by such Holder and the Debtor or the Reorganized Debtor, as applicable; or (5) at such time and upon such terms as set forth in an order of the Bankruptcy Court.

B.    *Professional Fee Claims*

All requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Confirmation Date must be filed with the Bankruptcy Court no later than 45 days after the Effective Date. The Bankruptcy Court shall determine the Allowed amounts of such Professional Fee Claims after notice and a hearing in accordance with the procedures established by the Bankruptcy Court. The Reorganized Debtor shall pay Professional Fee Claims in Cash in the amount the Bankruptcy Court allows.

From and after the Confirmation Date, any requirement that Professionals comply with sections 327 through 331 and 1103 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Reorganized Debtor may employ and pay any Professional in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Court.

C.    *Priority Tax Claims*

Except to the extent that a Holder of an Allowed Priority Tax Claim and the Debtor agree to a less favorable treatment for such Holder, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Priority Tax Claim, each Holder of such Allowed Priority Tax Claim shall be treated in accordance with the terms set forth in section 1129(a)(9)(C) of the Bankruptcy Code and, for the avoidance of doubt, Holders of Allowed Priority Tax Claims will receive interest on such Allowed Priority Tax Claims after the Effective Date in accordance with sections 511 and 1129(a)(9)(C) of the Bankruptcy Code.

D.    *Statutory Fees*

All fees due and payable pursuant to section 1930 of title 28 of the United States Code prior to the Effective Date shall be paid by the Debtor. On and after the Effective Date, the Reorganized Debtor shall pay any and all such fees when due and payable, and shall file with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the U.S. Trustee. The Debtor shall remain obligated to pay quarterly fees to the U.S. Trustee until the earliest of the Debtor's case being closed, dismissed, or converted to a case under Chapter 7 of the Bankruptcy Code.

**ARTICLE III.**
**CLASSIFICATION, TREATMENT, AND VOTING OF CLAIMS AND INTERESTS**

A.    *Classification of Claims and Interests*

The Plan constitutes a plan proposed by the Debtor within the meaning of section 1121 of the Bankruptcy Code. Except for the Claims addressed in Article II of the Plan, all Claims and Interests are classified in the Classes set forth below in accordance with section 1122 of the Bankruptcy Code. A Claim or an Interest is classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of that Class and is classified in other Classes to the extent that any portion of the Claim or Interest qualifies within the description of such other Classes. A Claim or an Interest also is classified in a particular Class for the purpose of receiving distributions under the Plan only to the extent that such Claim or Interest is an Allowed Claim or Existing Interest in that Class and has not been paid, released, or otherwise satisfied or disallowed by Final Order prior to the Effective Date. For all purposes under the Plan, each Class will contain sub-Classes for the Debtor, as applicable; *provided*, that any Class that does not contain any Allowed Claims or Existing Interests with respect to the Debtor will be treated in accordance with Article III. D below.

Below is a chart assigning each Class a number for purposes of identifying each separate Class.

| Class | Claim or Interest | Status | Voting Rights |
|-------|-------------------|--------|---------------|
| 1 | Secured Claims of Banks | Impaired | Entitled to Vote |
| 2 | Administrative Claims | Unimpaired | Deemed to Accept |
| 3 | Tax Claims | Unimpaired | Deemed to Accept |

9

| 4 | Assumed Executory Contracts | Unimpaired | Deemed to Accept |
| 5 | Unsecured Claims | Impaired | Entitled to Vote |
| 6 | Convenience Claims | Impaired | Entitled to Vote |

B.     *Treatment of Classes of Claims and Interests*

(1)     Class 1 - Secured Claims – See Exhibit A

a.     *Classification*: Class 1 consists of the Secured Claims set forth in the attached Exhibit A. These Claims consist of Secured Claims against the Debtors' real estate.

b.     *Treatment*:

i.     Treatment of these Secured Claims shall be as evidenced in attached Exhibit A. Debtor estimates Secured Claims in the approximate amount of One Million Dollars.

ii.     Adequate Protection – Debtor has been paying and will continue to pay the sum of $250.00 a month to each party with a Secured Interest in any of the Debtor's rental properties.

c.     *Voting*: Class 1 is Impaired by virtue of "cram downs" and is therefore entitled to vote to accept or reject the Claim.

10

| Property | Value | Real Estate Tax | Equity After Tax | Amount of Mortgage [1] | Treatment | Unsecured Amount (Neg #s) or Equity (Pos #s) |
|---|---|---|---|---|---|---|
| 14907 Tokay Maple Heights, OH 44137 | $25,000.00 | $16,612.64 | $8,387.36 | $0.00 | see key below[1] | $8,387.36 |
| 19769 Maple Hts Blvd Maple Heights, OH 44137 | $30,000.00 | $14,647.34 | $15,352.66 | $0.00 | see key below[1] | $15,352.66 |
| 5317 Thomas Maple Heights, OH 44137 | $29,000.00 | $1,173.17 | $27,826.83 | $104,472.01 | Pay secured amount over 30 years amortized at 6% | -$76,645.18 |
| 20609 Mountville Dr Maple Heights, OH 44137 | $30,000.00 | $1,193.25 | $28,806.75 | $116,832.11 | Pay secured amount over 30 years amortized at 6% | -$88,025.36 |
| 21304 Franklin Maple Heights, OH 44137 | $25,000.00 | $946.67 | $24,053.33 | $105,698.90 | Pay secured amount over 30 years amortized at 6% | -$81,645.57 |
| 5154 Anthony Maple Heights, OH 44137 | $31,000.00 | $4,197.90 | $26,802.10 | $87,000.00 | Pay secured amount over 30 years amortized at 6% | -$60,197.90 |
| 4673 Osborn Road Garfiled Heights, OH 44128 | $30,000.00 | $4,125.47 | $25,874.53 | $54,880.00 | Pay secured amount over 30 years amortized at 6% | -$29,005.47 |
| 5123 Theodore Maple Heights, OH 44137 | $29,000.00 | $17,388.14 | $11,611.86 | $82,150.00 | Pay secured amount over 30 years amortized at 6% | -$70,538.14 |
| 5220 Stanley Maple Heights, OH 44137 | $30,000.00 | $3,052.16 | $26,947.84 | $68,205.00 | Pay secured amount over 30 years amortized at 6% | -$41,257.16 |
| **TABLE ONE** | | | | | **TOTAL =** | **-$423,574.76** |

[1] Creditors showing as 0 have waived their claims

| Property | Value | Real Estate Tax | Equity After Tax | Amount of Mortgage[1] | Treatment[2] | Unsecured Amount (Neg #s) or Equity (Pos #s) |
|---|---|---|---|---|---|---|
| 4433 E 131 Garfield Heights, OH 44125 | $20,000.00 | $21,014.57 | -$1,014.57 | $0.00 | see key below[1] | -$1,014.57 |
| 13111 Cranwood Park Garfield Heights, OH 44125 | $20,000.00 | $14,896.44 | $5,103.56 | $0.00 | see key below[1] | $5,103.56 |
| 5534 South Blvd Maple Heights, OH 44137 | $25,000.00 | $1,077.27 | $23,922.73 | $72,864.40 | Pay secured amount over 30 years amortized at 6% | -$48,941.67 |
| 5540 Dalewood Maple Heights, OH 44137 | $24,000.00 | $1,313.58 | $22,686.42 | $80,783.00 | Pay secured amount over 30 years amortized at 6% | -$58,096.58 |
| 20607 Gardenview Maple Heights, OH 44137 | $27,000.00 | $2,585.99 | $24,414.01 | $31,000.00 | Pay secured amount over 30 years amortized at 6% | -$6,585.99 |
| 5239 Joseph Maple Heights, OH 44137 | $27,000.00 | $30,478.29 | -$3,478.29 | $30,000.00 | see key below[2,3] | -$33,478.29 |
| 21310 Kenyon Maple Heights, OH 44137 | $31,000.00 | $21,243.12 | $9,756.88 | $0.00 | see key below[3] | $9,756.88 |
| 21113 Watson Maple Heights, OH 441137 | $30,000.00 | $32,422.59 | -$2,422.59 | $0.00 | see key below[2,3] | -$2,422.59 |
| 15312 Fernway Maple Heights, OH 44137 | $28,000.00 | $1,025.54 | $26,974.46 | $71,897.36 | Pay secured amount over 30 years amortized at 6% | -$44,922.90 |
| **TABLE TWO** | | | | | **TOTAL =** | **-$180,602.15** |

[1] Creditors showing as 0 have waived their claims; [2] Claims regarding properties with negative equity after tax will be paid based upon agreement with mortgage creditors; [3] Are controlled by the same loan.

| Property | Value | Real Estate Tax | Equity After Tax | Amount of Mortgage | Treatment[2] | Unsecured Amount (Neg #s) or Equity (Pos #s) |
|---|---|---|---|---|---|---|
| 17274 McCracken Maple Heights, OH 44137 | $39,000.00 | $1,001.70 | $37,998.30 | $120,651.61 | Pay secured amount over 30 years amortized at 6% | -$82,653.31 |
| 544 E 253rd Euclid, OH 44132 | $28,000.00 | $1,196.83 | $26,803.17 | $76,662.00 | Pay secured amount over 30 years amortized at 6% | -$49,858.83 |
| 19415 Maple Hts Blvd Maple Heights, OH 44137 | $30,000.00 | $1,148.38 | $28,851.62 | $82,770.00 | Pay secured amount over 30 years amortized at 6% | -$53,918.38 |
| 19501 Milan Maple Heights, OH 44137 | $29,000.00 | $978.18 | $28,021.82 | $59,467.00 | Pay secured amount over 30 years amortized at 6% | -$31,445.18 |
| 16775 Gerard Maple Heights, OH 44137 | $26,000.00 | $988.96 | $25,011.04 | $81,508.00 | Pay secured amount over 30 years amortized at 6% | -$56,496.96 |
| 5031 E 114th Garfield Heights, OH 44125 | $30,000.00 | $1,311.31 | $28,688.69 | $55,931.00 | Pay secured amount over 30 years amortized at 6% | -$27,242.31 |
| 5222 Cato Maple Heights, OH 44137 | $28,000.00 | $997.24 | $27,002.76 | $77,151.00 | Pay secured amount over 30 years amortized at 6% | -$50,148.24 |
| 5547 Grasmere Maple Heights, OH 44137 | $25,000.00 | $5,416.43 | $19,583.57 | $79,976.64 | Pay secured amount over 30 years amortized at 6% | -$60,393.07 |
| 14612 Reddington Maple Heights, OH 44137 | $30,000.00 | $25,296.76 | $4,703.24 | $119,752.99 | Pay secured amount over 30 years amortized at 6% | -$115,049.75 |
| **TABLE THREE** | | | | | **TOTAL =** | **-$527,206.03** |

14

| Property | Value | Real Estate Tax | Equity After Tax | Amount of Mortgage | Treatment | Unsecured Amount (Neg #s) or Equity (Pos #s) |
|---|---|---|---|---|---|---|
| 19431 Maple Heights Maple Heights, OH 44137 | $29,000.00 | $2,438.36 | $26,561.64 | $0.00 | see key below[1] | $26,561.64 |
| 8131 Garfield Road Garfield Heights, OH 44125 | $30,000.00 | $2,667.08 | $27,332.92 | $0.00 | see key below[1] | $27,332.92 |
| 5165 Arch St Maple Heights, OH 44137 | $30,000.00 | $1,926.12 | $28,073.88 | $0.00 | see key below[1] | $28,073.88 |
| 5611 South Blvd Maple Heights, OH 44137 | $25,000.00 | $1,256.40 | $23,743.60 | $82,423.00 | Pay secured amount over 30 years amortized at 6% | -$58,679.40 |
| 9206 Miles Ave Cleveland, OH 44105 | $0.00 | $223.04 | -$223.04 | N/A | Debtor is surrendering this property | |
| 5199 Arch St Maple Heights, OH 44137 | $30,000.00 | $965.11 | $29,034.89 | $136,765.92 | Pay secured amount over 30 years amortized at 6% | -$107,731.03 |
| 5247 Henry Street Maple Heights, OH 44137 | $25,000.00 | $1,116.03 | $23,883.97 | $97,444.08 | Pay secured amount over 30 years amortized at 6% | -$73,560.11 |
| 15400 Fernway Dr Maple Heights, OH 44137 | $26,000.00 | $7,771.27 | $18,228.73 | $78,434.00 | Pay secured amount over 30 years amortized at 6% | -$60,205.27 |
| 5437 Grasmere Maple Heights, OH 44137 | $30,000.00 | $1,187.49 | $28,812.51 | $74,302.00 | Pay secured amount over 30 years amortized at 6% | -$45,489.49 |
| **TABLE FOUR** | | | | | **TOTAL =** | **-$263,696.86** |

[1] Creditors showing as 0 have waived their claims

15

| Property | Value | Real Estate Tax | Equity After Tax | Amount of Mortgage[1] | Treatment | Unsecured Amount (Neg #s) or Equity (Pos #s) |
|---|---|---|---|---|---|---|
| 5139 Philip Street Maple Heights, OH 44137 | $27,000.00 | $654.22 | $26,345.78 | $93,000.00 | Pay secured amount over 30 years amortized at 6% | -$66,654.22 |
| 14703 Granger Road Maple Heights, OH 44137 | $32,000.00 | $1,391.97 | $30,608.03 | $87,365.00 | Pay secured amount over 30 years amortized at 6% | -$56,756.97 |
| 5200 Catherine St Maple Heights, OH 44137 | $28,000.00 | $977.26 | $27,022.74 | $104,553.63 | Pay secured amount over 30 years amortized at 6% | -$77,530.89 |
| 16510 Maple Hts Blvd Maple Heights, OH 44137 | $28,000.00 | $1,277.33 | $26,722.67 | $66,666.93 | Pay secured amount over 30 years amortized at 6% | -$39,944.26 |
| 5536 Elmwood Maple Heights, OH 44137 | $22,000.00 | $28,678.62 | -$6,678.62 | $0.00 | | -$6,678.62 |
| **TABLE FIVE** | | | | | **TOTAL =** | **-$247,564.96** |

| | | |
|---|---|---|
| **TABLE ONE** | **TOTAL =** | **-$423,574.76** |
| **TABLE TWO** | **TOTAL =** | **-$180,602.15** |
| **TABLE THREE** | **TOTAL =** | **-$527,206.03** |
| **TABLE FOUR** | **TOTAL =** | **-$263,696.86** |
| **TABLE FIVE** | **TOTAL =** | **-$247,564.96** |
| | **GRAND TOTAL =** | **-$1,642,644.76** |

21-10483-aih    Doc 53-1    FILED 06/16/21    ENTERED 06/16/21 13:08:28    Page 19 of 34

(2)     Class 2 – Administrative Claims

a.      *Classification:* Class 2 consists of Administrative Claims

b.      *Treatment:* Paid pursuant to the Bankruptcy Code

c.      *Voting:* Unimpaired, will not vote

(3)     Class 3: Tax Claims

a.      *Classification:* Class 3 consists of Tax Claims

b.      *Treatment:* Paid pursuant to the Bankruptcy Code

c.      *Voting:* Unimpaired, will not vote

(4)     Class 4 - Executory Contracts and Unexpired Leases to be Assumed by the Debtor

a.      *Classification*:  Class 4 consists of all Executory Contracts to be assumed by the Debtor, consisting mostly of Tenant Leases.

b.      *Treatment*: On the Effective Date unless otherwise by prior Bankruptcy Court Order, the Reorganized Debtor shall assume any contracts, leases or otherwise with respect to any of the properties listed in the attached Exhibit A or as scheduled in its Bankruptcy filing.

c.      *Voting*: Class 4 is Unimpaired; in which case the Holders of Claims in Class 4 are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, each Holder of an assumed Executory Contract will not be entitled to vote to accept or reject the Plan.

(5)     Class 5 - General Unsecured Claims

a.      *Classification*:  Class 5 consists of all General Unsecured Claims against the Debtor, including but not limited to Claims arising by the treatment provided under Class One, rejection of any executory contracts by the Debtor and not assumed by the Reorganized Debtor.

b.      *Treatment*: The claims of Unsecured Creditors shall be satisfied pursuant to the projections attached to this Plan.  Unsecured Creditors shall receive 4% of their Claims.  Debtor estimates Unsecured Claims at One Million Two Hundred Thousand Dollars.

c.      *Voting*: Class 5 is Impaired. Holders of Allowed General Unsecured Claims in Class 5 are entitled to vote to accept or reject the Plan.

(6)     Class 6 – Convenience Claims

a.      *Classification*: Class 6 consists of Convenience Claims

b.      *Treatment*: Convenience claims shall be paid at the rate of 2% upon confirmation

c.      *Voting*: Class 6 is Impaired.  Holders of Allowed General Unsecured Claims in Class 6 are entitled to vote to accept or reject the Plan.

17

C.    *Special Provision Governing Unimpaired Claims*

Except as otherwise provided in the Plan, nothing under the Plan shall affect the Debtor's or the Reorganized Debtor's rights regarding any Unimpaired Claim, including all rights regarding legal and equitable defenses to, or setoffs or recoupments against, any such Unimpaired Claim.

D.    *Elimination of Vacant Classes*

Any Class of Claims or Interests that does not have a Holder of an Allowed Claim or Existing Interest, or a Claim or Interest Temporarily Allowed by the Bankruptcy Court as of the date of the Confirmation Hearing, shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

E.    *Voting Classes; Presumed Acceptance by Non-Voting Classes*

If a Class contains Claims or Interests eligible to vote on the Plan and no Holder of Claims or Interests eligible to vote in such Class votes to accept or reject the Plan, the Plan shall be presumed accepted by the Holders of such Claims or Interests in such Class.

F.    *Confirmation Pursuant to Sections 1129(a)(10) and 1129(b) of the Bankruptcy Code*

Section 1129(a)(10) of the Bankruptcy Code shall be satisfied for purposes of Confirmation by acceptance of the Plan by at least one Impaired Class of Claims. The Debtor shall seek Confirmation of the Plan pursuant to section 1129(b) of the Bankruptcy Code with respect to any rejecting Class(es) of Claims or Interests. The Debtor reserve the right to modify the Plan in accordance with Article X of the Plan to the extent, if any, that Confirmation pursuant to section 1129(b) of the Bankruptcy Code requires modification, including by modifying the treatment applicable to a Class of Claims or Interests to render such Class of Claims or Interests Unimpaired to the extent permitted by the Bankruptcy Code and the Bankruptcy Rules.

G.    *Subordinated Claims and Interests*

The allowance, classification, and treatment of all Allowed Claims and Existing Interests and their respective distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims and Interests in each Class in connection with any contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise. Pursuant to section 510 of the Bankruptcy Code, the Debtor or Reorganized Debtor, as applicable, reserve the right to re-classify any Allowed Claim or Interest in accordance with any contractual, legal, or equitable subordination relating thereto.

H.    *Claims of Shareholders*

No claims Shareholders shall be paid.

**ARTICLE IV.**
**PROVISIONS FOR IMPLEMENTATION OF THE PLAN**

A.    *General Settlement of Claims, Interests, and Causes of Action*

Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective

Date, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, Interests, Causes of Action, and controversies released, settled, compromised, discharged, satisfied, or otherwise resolved pursuant to the Plan. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise and settlement of all such Claims, Interests, Causes of Action, and controversies, as well as a finding by the Bankruptcy Court that such compromise and settlement is in the best interests of the Debtor, the Estate, and Holders of Claims and Interests and is fair, equitable, reasonable, and in the best interests of the Debtor and the Estate.

B.    *Transactions On or Before the Effective Date*

On or before the Effective Date or as soon as reasonably practicable thereafter, the Reorganized Debtor shall carry out the terms of the Plan.

C.    *Liens Post Confirmation*

Any lender or Holder of a Claim under the Plan shall have valid, binding, and enforceable Liens on the collateral specified in, and to the extent required by the Plan. To the extent granted, the guarantees, mortgages, pledges, Liens and other security interests granted pursuant to the Plans are granted in good faith as an inducement to the lender or Holder of a Claim under the Plan to extend credit thereunder and shall be deemed not to constitute a fraudulent conveyance or fraudulent transfer, shall not otherwise be subject to avoidance, and the priorities of any such Liens and security interests shall be as set forth in the relevant documents.

D.    *Management of Reorganized Debtor*

The Debtor's current management team Martin & Deborah Maniaci shall remain in their current positions after confirmation of the Plan, and shall enter into new employment agreements in connection with the Plan on terms and conditions consistent with the pre-existing contract of employment and otherwise reasonably acceptable to the Reorganized Debtor.

E.    *Vesting of Assets*

Except as otherwise provided in the Plan or in any agreement, instrument, or other document incorporated in the Plan or any Plan Supplement or Amendment, on the Effective Date, all property in the Debtor's Estate, all Causes of Action, and any property acquired by any of the Debtor under the Plan shall vest in the Reorganized Debtor, free and clear of all Liens, Claims, charges, or other encumbrances. On and after the Effective Date, except as otherwise provided in the Plan, the Reorganized Debtor may operate its business and may use, acquire, or dispose of property and pursue, compromise or settle any Claims, Interests, or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

F.    *Corporate Action*

On and after the Effective Date, all actions contemplated by the Plan shall be deemed authorized and approved by the Bankruptcy Court in all respects without any further corporate or equity holder action.

G.    *Corporate Existence*

Except as otherwise provided in the Plan or any agreement, instrument, or other document incorporated in the Plan or the Plan Supplement, on the Effective Date, the Debtor shall continue to exist after the Effective Date as a separate limited liability company with all the powers of a limited liability

company pursuant to the applicable law in the jurisdiction in which the Debtor is incorporated or formed and pursuant to the respective certificate of incorporation and by-laws (or other analogous formation documents) or authorization to do business in effect before the Effective Date, except to the extent such certificate of incorporation or bylaws (or other analogous formation, constituent or governance documents) is amended by the Plan or otherwise, and to the extent any such document is amended, such document is deemed to be amended pursuant to the Plan and requires no further action or approval (other than any requisite filings required under applicable state or federal law). Notwithstanding the foregoing, the Debtor reserves the right to modify the Debtor's corporate structure as of the Effective Date, including the transfers contemplated to be made to the Reorganized Debtor or otherwise.

H.      *Effectuating Documents; Further Transactions*

On and after the Effective Date, the Reorganized Debtor and the officers and members of the boards of directors and managers (or other relevant governing body) thereof, including the Reorganized Debtor Board, shall be authorized to and may issue, execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan.

I.      *Preservation of Causes of Action*

Unless any Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan, including pursuant to Article VIII of the Plan or a Final Order, in accordance with section 1123(b) of the Bankruptcy Code, the Reorganized Debtor shall retain and may enforce all rights to commence and pursue any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Plan Supplement, and the Reorganized Debtor's rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date. No Entity may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Cause of Action against them as any indication that the Debtor or the Reorganized Debtor will not pursue any and all available Causes of Action against them.

**ARTICLE V.**
**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

A.      *Assumption or Rejection of Executory Contracts and Unexpired Leases*

Each Executory Contract and Unexpired Lease shall be deemed assumed, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, as of the Effective Date under section 365 of the Bankruptcy Code, unless listed on a Notice and Schedule of Rejected Executory Contracts and Unexpired Leases, if any filed with the Court prior to the Confirmation of the Plan. The assumption of Executory Contracts and Unexpired Leases hereunder may include the assignment of such contracts to the Reorganized Debtor. The Confirmation Order will constitute an order of the Bankruptcy Court approving the above described assumptions and assignments.

Except as otherwise provided herein or agreed to by the Debtor and the applicable counterparty, each assumed Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests. Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtor during the Chapter 11 Case shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith. To the extent applicable, no change of control

20

(or similar provision) will be deemed to occur under any such Executory Contract or Unexpired Lease.

B.    *Contracts and Leases After the Petition Date*

Contracts and leases entered into after the Petition Date by any Debtor, including any Executory Contracts and Unexpired Leases assumed under section 365 of the Bankruptcy Code, will be performed by the Reorganized Debtor in the ordinary course of its business. Such contracts and leases that are not rejected under the Plan shall survive and remain unaffected by entry of the Confirmation Order.

C.    *Reservation of Rights*

Nothing contained in the Plan or the Plan Supplement shall constitute an admission by the Debtor or any other party that any contract or lease is in fact an Executory Contract or Unexpired Lease or that any Reorganized Debtor has any liability thereunder. If there is a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption, the Debtor or the Reorganized Debtor, as applicable, shall have 45 days following entry of a Final Order resolving such dispute to alter their treatment of such contract or lease.

D.    *Nonoccurrence of Effective Date*

In the event that the Effective Date does not occur, the Bankruptcy Court shall retain jurisdiction with respect to any request to extend the deadline for assuming or rejecting Unexpired Leases pursuant to section 365(d)(4) of the Bankruptcy Code.

## ARTICLE VI.
## PROVISIONS GOVERNING DISTRIBUTIONS

A.    *Distributions on Account of Claims and Interests Allowed as of the Effective Date*

Except as otherwise provided herein, a Final Order, or as otherwise agreed to by the Debtor or the Reorganized Debtor, as the case may be, and the Holder of the applicable Claim or Interest, on the first Distribution Date, the Distribution Agent shall make initial distributions under the Plan on account of Claims and Interests Allowed on or before the Effective Date; *provided*, *however*, that (1) Allowed Administrative Claims with respect to liabilities incurred by the Debtor in the ordinary course of business shall be paid or performed in the ordinary course of business in accordance with the terms and conditions of any controlling agreements, course of dealing, course of business, or industry practice, and (2) Allowed Priority Tax Claims shall be paid in accordance with the Bankruptcy Code. To the extent any Allowed Priority Tax Claim is not due and owing on the Effective Date, such Claim shall be paid in full in Cash in accordance with the terms of any agreement between the Debtor and the Holder of such Claim or as may be due and payable under applicable non-bankruptcy law or in the ordinary course of business.  Provided, however, that notwithstanding this paragraph, the projections of the Debtor shall control as to the timing of the payments. See Debtor's projections attached to the Disclosure Statement as Exhibit D.

B.    *Rights and Powers of the Distribution Agent*

1.    <u>Powers of Distribution Agent</u>

The Distribution Agent under this Disclosure Statement and Plan will be Deborah Maniaci.  The Distribution Agent shall be empowered to: (a) effect all actions and execute all agreements, instruments, and other documents necessary to perform its duties under the Plan; (b) make all distributions contemplated hereby; employ professionals to represent it with respect to its responsibilities; and (d) exercise such other

powers as may be vested in the Distribution Agent by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Distribution Agent to be necessary and proper to implement the provisions hereof.

        2.      <u>Expenses Incurred On or After the Effective Date</u>

Except as otherwise ordered by the Bankruptcy Court, the amount of any reasonable fees and expenses incurred by the Distribution Agent on or after the Effective Date (including taxes) and any reasonable compensation and expense reimbursement claims (including reasonable attorney fees and expenses) made by the Distribution Agent shall be paid in Cash by the Reorganized Debtor.

*C.*     *Delivery of Distributions*

        1.      <u>Record Date for Distributions</u>

Three business days before the Effective Date, the Claim Register maintained by the Bankruptcy Court for each Class of Claims as also maintained by the Debtor shall be deemed closed, and there shall be no further changes in the record Holders of any Claims. The Distribution Agent shall have no obligation to recognize any transfer of Claims or Interests occurring on or after 3 business days before the Effective Date. In addition, with respect to payment of any Cure amounts or disputes over any Cure amounts, neither the Debtor nor the Distribution Agent shall have any obligation to recognize or deal with any party other than the non-Debtor party to the applicable Executory Contract or Unexpired Lease as of the Effective Date, even if such non-Debtor party has sold, assigned, or otherwise transferred its Claim for a Cure amount.

        2.      <u>Distribution Process</u>

The Distribution Agent shall make all distributions required under the Plan, except that with respect to distributions to Holders of Allowed Claims governed by a separate agreement, shall exercise commercially reasonable efforts to implement appropriate mechanics governing such distributions in accordance with the Plan and the terms of the relevant governing agreement.

*D.*     *Setoffs*

Except as otherwise expressly provided for herein, the Reorganized Debtor, pursuant to the Bankruptcy Code (including section 553 of the Bankruptcy Code), applicable non-bankruptcy law, or as may be agreed to by the Holder of a Claim, may set off against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Allowed Claim (before any distribution is made on account of such Allowed Claim), any claims, rights, and Causes of Action of any nature that the Debtor or Reorganized Debtor, may hold against the Holder of such Allowed Claim, to the extent such claims, rights, or Causes of Action against such Holder have not been otherwise compromised or settled on or prior to the Effective Date (whether pursuant to the Plan or otherwise); *provided*, *however*, that neither the failure to effect such a setoff nor the allowance of any Claim pursuant to the Plan shall constitute a waiver or release by the Reorganized Debtor of any such claims, rights, and Causes of Action that t h e Reorganized Debtor may possess against such Holder. In no event shall any Holder of Claims be entitled to set off any such Claim against any claim, right, or Cause of Action of the Debtor or Reorganized Debtor (as applicable), unless such Holder has Filed a motion with the Bankruptcy Court requesting the authority to perform such setoff on or before the Confirmation Date, and notwithstanding any indication in any Proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to section 553 of the Bankruptcy Code or otherwise.

## ARTICLE VII.
## PROCEDURES FOR RESOLVING DISPUTED CLAIMS

A.      *Allowance of Claims*

After the Effective Date, the Reorganized Debtor shall have and retain any and all rights and defenses the Debtor had with respect to any Claim immediately before the Effective Date. Except as expressly provided in the Plan or in any order entered in the Chapter 11 Case before the Effective Date (including the Confirmation Order), no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan or the Bankruptcy Code, or the Bankruptcy Court has entered a Final Order, including the Confirmation Order (when it becomes a Final Order), in the Chapter 11 Case.

B.      *Claims Administration Responsibilities*

Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Reorganized Debtor shall have the sole authority to File and prosecute objections to Claims, and the Reorganized Debtor shall have the sole authority to (1) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court. On and after the Effective Date, the Reorganized Debtor will use commercially reasonable efforts to advance the claims resolution process through estimation or otherwise.

C.      *Time to File Objections to Claims*

Any objections to Claims shall be filed within 60 days from the Confirmation of the Plan.

D.      *Amendments to Claims*

On or after the Effective Date, a Claim may not be Filed or amended without the prior authorization of the Bankruptcy Court or the Reorganized Debtor, and any such new or amended Claim Filed shall be deemed Disallowed in full and expunged without any further notice to or action, order, or approval of the Bankruptcy Court to the maximum extent provided by applicable law.

E.      *No Distributions Pending Allowance*

If an objection to a Claim or portion thereof is Filed, no payment or distribution provided under the Plan shall be made on account of such Claim or portion thereof unless and until such Disputed Claim becomes an Allowed Claim, unless otherwise determined by the Reorganized Debtor.

F.      *Distributions After Allowance*

To the extent that a Disputed Claim ultimately becomes an Allowed Claim, distributions shall be made to the Holder of such Allowed Claim in accordance with the provisions of the Plan. As soon as reasonably practicable after the date that the order or judgment of the Bankruptcy Court allowing any Disputed Claim becomes a Final Order, the Reorganized Debtor shall provide to the Holder of such Claim the distribution to which such Holder is entitled under the Plan as of the Effective Date, less any previous distribution (if any) that was made on account of the undisputed portion of such Claim, without any interest, dividends, or accruals to be paid on account of such Claim unless required under applicable bankruptcy law

23

or as otherwise provided herein.

## ARTICLE VIII.
## EFFECT OF CONFIRMATION OF THE PLAN

*A.*     *Discharge of Claims and Termination of Interests*

Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in the Debtor or any of its assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtor before the Effective Date and that arise from a termination of employment, any contingent or non- contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (1) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan. Any default or "event of default" by the Debtor with respect to any Claim or Interest that existed immediately before or on account of the Filing of the Chapter 11 Case shall be deemed cured (and no longer continuing) as of the Effective Date. The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the Effective Date occurring.

*B.*     *Releases by the Debtor*

Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released and discharged by the Debtor, the Reorganized Debtor, and its Estate from any and all Causes of Action, including any derivative claims asserted on behalf of the Debtor, that the Debtor, the Reorganized Debtor, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, or that any Holder of any Claim or Interest could have asserted on behalf of the Debtor, based on or relating to, or in any manner arising from, in whole or in part:

1.     The Debtor, the Debtor's restructuring efforts, or the formulation, preparation, dissemination, negotiation, of the Plan and the Disclosure Statement.

2.     Any transaction, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the, the Disclosure Statement or the Plan.

3.     The Chapter 11 Case, the Disclosure Statement, the Plan, the Filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of any membership interests pursuant to the Plan or the distribution of property under the Plan or any other related agreement; or

24

4.    Any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any claims related to any act or omission that is determined in a final order to have constituted actual fraud, (ii) the rights of any party under any employment agreement or plan, or (iii) any post-Effective Date obligations of any party or Entity under the Plan, any transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement or amendment) executed to implement the Plan.

C.    *Protection Against Discriminatory Treatment*

In accordance with section 525 of the Bankruptcy Code, and consistent with Article VI of the United States Constitution, no Governmental Unit shall discriminate against the Reorganized Debtor, or any Entity with which the Reorganized Debtor has been or is associated, solely because such Reorganized Debtor was a Debtor under chapter 11, may have been insolvent before the commencement of the Chapter 11 Case (or during the Chapter 11 Case but before the Debtor was granted or denied a discharge), or has not paid a debt that is dischargeable in the Chapter 11 Case.

D.    *Release of Mortgages*

The Plan does not anticipate the release of mortgages. The Debtor will attempt to "cram down" mortgages by paying only the secured amount as a Secured Claim. However, the mortgages will survive the Plan.

E.    *Reimbursement or Contribution*

If the Bankruptcy Court disallows a Claim for reimbursement or contribution of an Entity pursuant to section 502(e)(1)(B) of the Bankruptcy Code, then to the extent that such Claim is contingent as of the Effective Date, such Claim shall be forever Disallowed notwithstanding section 502(j) of the Bankruptcy Code, unless prior to the Effective Date (1) such Claim has been adjudicated as non-contingent, or (2) the relevant Holder of a Claim has Filed a non-contingent Proof of Claim on account of such Claim and a Final Order has been entered determining such Claim as no longer contingent.

F.    *Recoupment*

In no event shall any Holder of a Claim be entitled to recoup such Claim against any claim, right, or Cause of Action of the Debtor or the Reorganized Debtor, as applicable, unless such Holder actually has performed such recoupment and provided notice thereof in writing to the Debtor on or before the Confirmation Date, notwithstanding any indication in any Proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of recoupment.

G.    *Subordination Rights*

Any distributions under the Plan to Holders of Allowed Claims shall be received and retained free from any obligations to hold or transfer the same to any other Holder and shall not be subject to levy, garnishment, attachment, or other legal process by any Holder by reason of claimed contractual subordination rights. On the Effective Date, any such subordination rights shall be deemed waived, and the Confirmation Order shall constitute an injunction enjoining any Entity from enforcing or attempting to enforce any contractual, legal, or equitable subordination rights to property distributed under the Plan, in each case other than as provided in the Plan; *provided*, that any such subordination rights shall be preserved in the event the Confirmation Order is vacated, the Effective Date does not occur in accordance with the

25

terms hereunder or the Plan is revoked or withdrawn.

## ARTICLE IX.
## CONDITIONS PRECEDENT TO THE EFFECTIVE DATE

A. *Conditions Precedent to the Effective Date*

It shall be a condition to the Effective Date that the following conditions shall have been satisfied or waived:

1.      The Bankruptcy Court shall have entered the Confirmation Order in form and substance reasonably acceptable to the Debtor and the Reorganized Debtor, and the Confirmation Order shall be a Final Order; provided, that notwithstanding anything to the contrary herein, the determination to not consummate the Plan after the expiration of the applicable period to file an appeal solely on the basis that the Confirmation Order has not become a Final Order after the applicable appeals period has elapsed due to a pending appeal; and *provided, further,* that in the event that the Effective Date of the Plan does not occur solely as a result of the Confirmation Order not being a Final Order after the applicable period has elapsed due to a pending appeal.

2.      The Plan, the Definitive Documents, and all documents contained in any Plan supplement, including any exhibits, schedules, amendments, modifications or supplements thereto, shall have been executed and/or filed, in form and substance consistent in all respects and otherwise reasonably acceptable to the Debtor and the Reorganized Debtor.

3.      No court of competent jurisdiction or other competent governmental or regulatory authority shall have issued a final and non-appealable order making illegal or otherwise restricting, preventing or prohibiting, in a material respect, the consummation of the Plan, or any of the Definitive Documents contemplated thereby;

4.      All Allowed Professional Fee Claims shall have been paid in full or agreement reached for payment of such Allowed Professional Fee Claims after the Effective Date pending approval of the Professional Fee Claims by the Bankruptcy Court.

B. *Waiver of Conditions*

The conditions to the Effective Date of the Plan set forth in Article IX of the Plan may only be waived with  the consent of the Debtor and the Reorganized Debtor  (such consents not to be unreasonably withheld) without notice, leave, or order of the Bankruptcy Court or any formal action other than proceedings to confirm or consummate the Plan.

C. *Substantial Consummation*

"Substantial Consummation" of the Plan, as defined in 11 U.S.C. § 1101(2), shall be deemed to occur on the Effective Date.

## ARTICLE X.
## MODIFICATION, REVOCATION, OR WITHDRAWAL OF THE PLAN

A. *Modification of Plan*

Effective as of the date hereof (1) the Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan before the entry of the Confirmation Order consistent with the terms set forth herein; and (2) after the entry of the Confirmation Order, the Debtor or the Reorganized Debtor, may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code, remedy any defect or omission, or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan consistent with the terms set forth herein.

B.    *Effect of Confirmation on Modifications*

Entry of the Confirmation Order shall constitute approval of all modifications to the Plan occurring after the solicitation of votes thereon pursuant to section 1127(a) of the Bankruptcy Code and a finding that such modifications to the Plan do not require additional disclosure or re-solicitation under Bankruptcy Rule 3019.

C.    *Revocation or Withdrawal of Plan*

The Debtor reserves the right to revoke or withdraw the Plan before the Confirmation Date and to file subsequent chapter 11 plans. If the Debtor revokes or withdraws the Plan, or if Confirmation or the Effective Date does not occur, then: (1) the Plan will be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effectuated by the Plan, and any document or agreement executed pursuant hereto will be null and void in all respects; and (3) nothing contained in the Plan shall (a) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Entity, (b) prejudice in any manner the rights of the Debtor or any other Entity, or (c) constitute an admission, acknowledgement, offer, or undertaking of any sort by the Debtor or any other Entity.

## ARTICLE XI.
## RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Case and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction to:

1.    Allow, disallow, determine, liquidate, classify, estimate, or establish the priority, Secured or unsecured status, or amount of any Claim against the Debtor, including the resolution of any request for payment of any Claim and the resolution of any and all objections to the Secured or unsecured status, priority, amount, or allowance of Claims; *provided*, that the Bankruptcy Court's jurisdiction with respect to the foregoing shall be on a non- exclusive basis;

2.    Decide and resolve all matters related to the granting and denying, in whole or in part, any applications for allowance of compensation or reimbursement of expenses to Professionals authorized pursuant to the Bankruptcy Code or the Plan;

3.    Resolve any matters related to Executory Contracts or Unexpired Leases, including: (a) the assumption or assumption and assignment of any Executory Contract or Unexpired Lease to which the Debtor is party or with respect to which the Debtor may be liable and to hear, determine, and, if necessary, liquidate, any Cure or Claims arising therefrom, including pursuant to section 365 of the Bankruptcy Code; (b) any potential contractual obligation under any Executory Contract or Unexpired Lease that is assumed; and (c) any dispute regarding whether a contract or lease is or was executory or expired;

27

4.      Ensure that distributions to Holders of Allowed Claims and Existing Interests are accomplished pursuant to the provisions of the Plan and adjudicate any and all disputes arising from or relating to distributions under the Plan; adjudicate, decide, or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters, and grant or deny any applications involving the Debtor that may be pending on the Effective Date;

5.      Enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of (a) contracts, instruments, releases, indentures, and other agreements or documents approved by a Final Order in the Chapter 11 Case, and (b) the Plan, the Confirmation Order, and contracts, instruments, releases, indentures, and other agreements or documents created in connection with the Plan;

6.      Enforce any order for the sale of property pursuant to sections 363, 1123, or 1146(a) of the Bankruptcy Code;

7.      Grant any consensual request to extend the deadline for assuming or rejecting Unexpired Leases pursuant to section 365(d)(4) of the Bankruptcy Code;

8.      Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with Consummation or enforcement of the Plan;

9.      Hear, determine, and resolve any cases, matters, controversies, suits, disputes, or Causes of Action in connection with or in any way related to the Chapter 11 Case, including: (a) with respect to the repayment or return of distributions and the recovery of additional amounts owed by the Holder of a Claim for amounts not timely repaid pursuant to Article VI.E.1 of the Plan; (b) with respect to the releases, injunctions, and other provisions contained in Article VIII of the Plan, including entry of such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions; (c) that may arise in connection with the Consummation, interpretation, implementation, or enforcement of the Plan, the Confirmation Order, and contracts, instruments, releases, and other agreements or documents created in connection with the Plan; or (d) related to section 1141 of the Bankruptcy Code;

10.     Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

11.     Consider any modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in any Bankruptcy Court order, including the Confirmation Order;

12.     Hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

13.     Enter an order or Final Decree concluding or closing the Chapter 11 Case;

14.     Enforce all orders previously entered by the Bankruptcy Court;

15.     Hear and determine disputes involving all matters the implementation of the Plan.

16.     Hear any other matter not inconsistent with the Bankruptcy Code.

## ARTICLE XII.
## MISCELLANEOUS PROVISIONS

A.      *Immediate Binding Effect*

Subject to Article IX.A hereof, and notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan and the Plan Supplement shall be immediately effective and enforceable and deemed binding upon the Debtor, the Reorganized Debtor, and any and all Holders of Claims or Interests (irrespective of whether such Holders of Claims or Interests are deemed to have accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Entity acquiring property under the Plan, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtor.

B.      *Additional Documents*

On or before the Effective Date, the Debtor may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan. The Debtor or the Reorganized Debtor, as applicable, and all Holders of Claims receiving distributions pursuant to the Plan and all other parties in interest shall, from time to time, prepare, execute, and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan.

C.      *Payment of Statutory Fees*

All fees payable pursuant to 28 U.S.C. § 1930(a) prior to the Effective Date shall be paid by the Debtor. On and after the Effective Date, the Reorganized Debtor shall pay any and all such fees when due and payable, and shall file with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the U.S. Trustee. The Debtor and Reorganized Debtor shall remain obligated to pay quarterly fees to the U.S. Trustee until the earliest of the case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.

D.      *Reservation of Rights*

The Plan shall have no force or effect unless the Bankruptcy Court shall enter the Confirmation Order. None of the Filing of the Plan, any statement or provision contained in the Plan, or the taking of any action by the Debtor with respect to the Plan, the Disclosure Statement, or the Plan Supplement shall be or shall be deemed to be an admission or waiver of any rights of the Debtor with respect to the Holders of Claims or Interests prior to the Effective Date.

E.      *Successors and Assigns*

The rights, benefits, and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, Affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Entity.

F.      *Service of Documents*

After the Effective Date, any pleading, notice, or other document required by the Plan to be served on or delivered to the Reorganized Debtor shall be served on:

**Debtor and Reorganized Debtor**

FORBES LAW, LLC
Attention: Glenn E Forbes
166 Main Street
Painesville, Ohio 44077

G.   *Term of Injunctions or Stays*

Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 Case (pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court) and existing on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order) shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

H.   *Entire Agreement*

Except as otherwise indicated, the Plan supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into the Plan.

I.   *Plan Supplement or Amendments*

After any of such documents included in any Plan Supplement or Amendment are Filed, copies of such documents shall be made available upon written request to the Debtor's counsel at the address above or by downloading such exhibits and documents from the Bankruptcy Court's website at https://www.pacer.gov/.

J   *Non-Severability*

If, prior to Confirmation, the Bankruptcy Court holds any term or provision of the Plan to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (1) valid and enforceable pursuant to its terms; (2) integral to the Plan and may not be deleted or modified without the consent of the Debtor or the Reorganized Debtor; and (3) non-severable and mutually dependent.

K.   *Votes Solicited in Good Faith*

Upon entry of the Confirmation Order, the Debtor will be deemed to have solicited votes on the Plan in good faith and in compliance with the Bankruptcy Code, and pursuant to section 1125(e) of the Bankruptcy Code, the Debtor and its respective agents, representatives, members, principals, equity holders (regardless of whether such interests are held directly or indirectly), officers, directors, managers, employees, advisors, and attorneys will be deemed to have participated in good faith and in compliance with the Bankruptcy Code in the offer, issuance, sale, and purchase of New Membership Interests offered

and sold under the Plan, and, therefore, neither any of such parties or individuals or the Reorganized Debtor will have any liability for the violation of any applicable law, rule, or regulation governing the solicitation of votes on the Plan or the offer, issuance, sale, or purchase of the New Membership Interests offered and sold under the Plan.

L.      *Closing of Chapter 11 Case*

The Reorganized Debtor shall, promptly after the full administration of the Chapter 11 Case, File with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order of the Bankruptcy Court to close the Chapter 11 Case.

M.      *Waiver or Estoppel*

Each Holder of a Claim or an Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, Secured or not subordinated by virtue of an agreement made with the Debtor or their counsel, or any other Entity, if such agreement was not disclosed in the Plan, the Disclosure Statement, or papers Filed with the Bankruptcy Court prior to the Confirmation Date.

N.      *Insider and Avoidance Actions*

Debtor has no insider or avoidance actions to pursue.

O.      *Post-Confirmation Reports and Trustee Payments*

The Debtor shall be responsible for filing all post confirmation reports and for paying any post-confirmation fees under 28 U.S.C. §1930(a)(6), until a final decree is entered. A final decree will be entered as soon as practicable after distributions have commenced under this plan.

P.      *Insider Compensation*

Debtor has no plans to increase insider compensation unless the same is justified by business successes prior to payment in full being made to all creditors under the Plan. Currently, the principals of the Debtor, Martin and Deborah Maniaci are drawing total compensation of approximately Seven Thousand Three Hundred Fifty Dollars ($7,500.00) per month.


Dated: June 15, 2021                           DJM HOLDINGS, LTD

                                               By _____

                                               Martin Maniaci
                                               Sole member